UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EARL CROSBY, et al.

    Plaintiffs,

v.

TWITTER, INC., GOOGLE, INC.,
AND FACEBOOK, INC.

    Defendants.

File No. 2:16-CV-14406-DML-DRG
Hon. David M. Lawson

_____/

## JOINT CASE MANAGEMENT AND RULE 26(F) STATEMENT

On February 10, 2017, counsel for the parties conferred regarding the issues identified under Federal Rule of Civil Procedure 26(f) and this Court's Notice and Amended Notice to Appear for Case Management Status and Scheduling Conference (Dkt. Nos. 16, 21). Pursuant to that Rule and those Notices, the parties hereby submit this written report.

**1.**     **Case Background and Principal Factual and Legal Issues**

    **A.**     **Plaintiffs' Statement**

For brevity, Plaintiffs essentially adopt the statement of Defendant. There is a great distinction between the *Fields* complaint and the instant complaint. Specifically, here Plaintiffs have very much focused on conduct by users as opposed to content of user postings. Furthermore, there is a very specific allegation by Plaintiffs that Defendant Google shares revenue with ISIS. In open Court concerning the Gonzalez matter, Defendant Google conceded

that Section 230 would not provide protection where Google was providing money to ISIS[1].

Defendant Google in response to a question from the Court stated:

> **THE COURT:** THE ADVERTISING CLAIM AGAINST GOOGLE WAS A LITTLE MORE BEEFED UP THAN AGAINST YOUR CO-DEFENDANTS. DO YOU HAVE A 230 DEFENSE SPECIFICALLY ON THE ADVERTISING CLAIM?
> **MR. KRAMER:** I'M NOT ENTIRELY SURE, YOUR HONOR, BECAUSE AS IT STANDS THERE ARE NO FACTS PLED IN THE COMPLAINT THAT EXPLAIN WHAT IT IS THAT GOOGLE IS ALLEGED TO DO BEYOND THE CONCLUSION THAT GOOGLE HAS GIVEN MONEY TO ISIS. SO I SUPPOSE THAT IF WE SEE AN AMENDED COMPLAINT WITH MORE FACTS, WE MAY TAKE A CLEARER AND HARDER LOOK AT SECTION 230 AND ITS APPLICATION TO THAT. BUT AS IT STANDS, NO.

Plaintiffs agree that the legal issues raised by Defendants are the legal issues that will be before the Court. Defendants proclamations that Plaintiffs case has no merit is nothing more than puffery.

### B. Defendants' Statement

In this action, Plaintiffs seek to hold Twitter, Google, and Facebook ("Defendants") liable for the deaths of three victims of the horrific shooting by Omar Mateen, a U.S. citizen, at the Pulse Night Club in Orlando, Florida, on the theory that (1) Defendants purportedly provided "material support" to ISIS because their broadly available online communications platforms, which have *billions* of users worldwide, allegedly were used by ISIS affiliates and sympathizers (although *not* by Mateen himself) to promote their views and activities, thereby allegedly allowing ISIS to strengthen its organization; and (2) the alleged resulting strength of ISIS and its followers in turn allegedly caused the murders committed by Mateen in Orlando.

---

[1] Transcript of Sept. 21, 2016 hearing before Magistrate Donna Ryu in Gonzalez v. Twitter, No. 16-CV-3282 (N.D. Cal.) p. 12

Defendants deeply sympathize with Plaintiffs' losses due to the brutal and pointless murders of their loved ones—decedents Tevin Eugene Crosby, Juan Ramon Guerrero, Jr., and Javier Jorge-Reyes. Plaintiffs' theory of liability against Defendants, however, is both legally flawed on multiple levels and factually without merit. Notably, Plaintiffs' allegations regarding Defendants' alleged conduct are largely copied from allegations regarding Twitter's conduct made in the original complaint in *Fields v. Twitter*, No. 16-CV-00213-WHO (N.D. Cal.), Dkt. No. 1, and from allegations regarding all three Defendants' conduct made in the pleadings filed in *Gonzalez v. Twitter*, No. 16-CV-3282 (N.D. Cal.), Dkt. Nos. 1, 55. That includes Plaintiffs' allegations about Google supposedly sharing advertising revenue with ISIS, which are taken largely verbatim from the Amended Complaint in *Gonzalez*. On August 10, 2016, Judge Orrick of the Northern District of California dismissed the claims in *Fields* with prejudice. *See* 2016 WL 4205687, *6-*8 (N.D. Cal. Aug. 10, 2016). Defendants moved to dismiss the complaint in *Gonzalez* on grounds similar to those asserted in *Fields*. *Gonzalez*, No. 16-cv-3282 (N.D. Cal.), Dkt. No. 61. The court denied that motion without prejudice on grounds unrelated to the merits (see discussion at pages 7-8 below), and Google intends to refile it shortly.

Defendants will shortly file in this case a motion to dismiss the complaint (or any superseding amended complaint, if one is filed as discussed below) for largely the same reasons invoked by Judge Orrick in dismissing the similar *Fields* case. Defendants will demonstrate that: (1) Section 230(c) of the Communications Decency Act, 47 U.S.C. § 230(c) ("Section 230")—a federal statute that provides robust immunity to online service providers for claims based on the use of their platforms by third parties—bars Plaintiffs' claims; and (2) the complaint fails to allege facts plausibly establishing essential elements of a claim for relief under 18 U.S.C. § 2333(a), including the requirements to establish that (a) each Defendant proximately caused the

3

deaths of the three victims; (b) each Defendant knowingly provided material support to ISIS, *id.* § 2339A and § 2339B; (c) each Defendant's conduct involved violent acts or acts dangerous to human life that appear to have been intended to achieve one of the statutorily-specified terrorist purposes, *id.* § 2331(1)(A), (B); and (d) Mateen's attack on the Orlando nightclub qualifies as "international terrorism" (as opposed to "domestic terrorism") as the former term is defined in 18 U.S.C. § 2331. Plaintiffs' claims are also barred by the First Amendment.

2. **Amendment of Pleadings**

   A. **Plaintiffs' Statement**

Defendants would like to rewrite Fed R. Civ. P. 15(a) which allows Plaintiffs 21 days from the filing of a responsive pleading or motion to dismiss to amend the complaint. There is no basis for this change. It is routine for Plaintiffs to exercise this right allowing them to see all of the details of Defendants' motion to dismiss. Furthermore, this Court should not bind these Plaintiffs to procedural activities which took place in another forum. Thus, Plaintiffs should be allowed to amend their complaint as of right in accordance with Rule 15(a).

Defendant's case citations are mostly irrelevant because they were decided before the amendments to the Fed. R. Civ. P. 15(a) in 2009. Before that time, it was only the filing of a responsive pleading which triggered Plaintiff's 21 day deadline to amend as of right. A motion to dismiss was not considered a responsive pleading. Therefore, there was the possibility of significant uncertainty in amending the complaint when there was a motion to dismiss. In 2009, the rules were amended so that a motion to dismiss also triggered the 21 day deadline. Thus the concerns of pre-amendment cases were abrogated. It should also be noted that there isn't a single 6th Circuit case (or apparently any circuit) which stands for the proposition that a Court may set a schedule under Rule 16 which would require plaintiff's first amendment as of right to

take place before 21 days after a responsive pleading or motion to dismiss. The Court, may of course, allow for a longer period of time.

Therefore, Defendants have not provided any basis for abridging Plaintiffs right to amend the complaint as of right within 21 days after the motion to dismiss has been filed.

### B. Defendants' Statement

Plaintiffs have informed Defendants that they intend to make significant amendments to their existing complaint to add several plaintiffs, drop other plaintiffs, add factual allegations, and add new causes of action. Defendants requested that Plaintiffs make these amendments before Defendants file their motion to dismiss, so that the effort in drafting the motion will not be wasted on a complaint that will become moot. Plaintiffs responded that they would amend their complaint before the motion, but only if Defendants agree to allow them to file yet another amended complaint as of right within 21 days after Defendants file their motion—a proposed process that would necessitate the drafting and filing of a second motion to dismiss before any motion to dismiss is heard by the Court.

Defendants believe that it would be needlessly wasteful for Defendants to move to dismiss a complaint that all agree will soon be superseded or for Plaintiffs to be guaranteed an opportunity to amend their complaint twice and for Defendants to be forced to draft and file two separate motions to dismiss, given that Plaintiffs' counsel (1) already know that they intend to abandon the current complaint, and (2) already have had the benefit of reviewing two motions to dismiss that these same Defendants filed against a nearly identical complaint filed by Plaintiffs' counsel in the Northern District of California. *See Gonzalez v. Twitter*, No. 16-3282 (N.D. Cal.), Dkt. Nos. 1, 36, 55, 61. Plaintiffs can already see "the details of Defendants' motion to dismiss" by reviewing the motions to dismiss filed in *Gonzalez*, as Plaintiffs' counsel well knows.

5

Although Rule 15(a) permits a plaintiff to amend once as of right within certain limited time frames, courts have held—both before and after the 2009 amendment to the Federal Rules—that Rule 16 empowers a court to adjust the deadline by which any amendment as of right must occur.  *See Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Hawkins v. W. Penn Allegheny Health Sys.*, 2014 WL 5803112, at *2 (W.D. Pa. Nov. 7, 2014); *Tague v. Florida Fish and Wildlife Conservation Com'n*, 390 F. Supp. 2d 1195, 1203 n.48 (M.D. Fla. 2005), *aff'd*, 154 Fed. Appx. 129 (11th Cir. 2005); *cf. Leary v. Daeschner*, 349 F.3d 888, 905-909 (6th Cir. 2003) (holding that Rule 16(b)'s standard for amendment trumps Rule 15(a)(2)'s standard once a Rule 16 scheduling order has been entered).  Accordingly, in the interest of efficiency and to promote the objective of Section 230 to shield entities such as Defendants from the burdens of litigation, Defendants respectfully ask the Court, in its discretion, to enter an order (1) directing Plaintiffs to exercise their right to file an amended complaint as of right, if they wish to do so at all, before any motion to dismiss is filed and (2) requiring that Plaintiffs obtain leave of Court before any further amended complaint is permitted.

      **3.**      <u>**Outstanding or Anticipated Discovery Disputes**</u>

The principal discovery issue at this time is whether all discovery should be stayed pending a ruling on Defendants' motion to dismiss on Section 230 immunity and other grounds. Pursuant to this Court's practice guidelines, the parties are concurrently submitting a joint discovery dispute letter that summarizes each side's position regarding a stay of discovery.

**4.      Estate Representatives**

1. Plaintiffs' Statement

While Defendants' chronicle of the events is essentially true, Plaintiffs' counsel disputes that there was anything wrong with the complaint as was originally filed with regards to the right of Ms. Gonzalez's father to bring the action under California Law. Given the highly charged nature of these horrible crimes, it is not surprising that disputes could arise between family members no matter what precautions are taken.

Nevertheless, Plaintiff is currently assembling the information requested by Defendants and will provide it as soon as possible. Given that Plaintiff offered this information without the need for a formal discovery request from Defendants, Plaintiff will make best efforts to provide the information by March 31, 2017.

2. Defendants' Statement

The claims asserted in this case closely resemble claims that Plaintiffs' counsel brought on behalf of a different plaintiff in June 2016 against the same three Defendants in the *Gonzalez* case in the Northern District of California—with the principal difference being that the claims there relate to an allegedly ISIS-inspired terrorist attack in Paris in November 2015. *See Gonzalez v. Twitter*, No. 16-3282 (filed June 14, 2016). After Defendants moved twice to dismiss the complaint in *Gonzalez*, proceedings in that case were interrupted by a dispute between the original plaintiff (the victim's father) and the victim's mother (who asked the Northern District of California court to stay proceedings in that court and filed a separate suit against Twitter in the Southern District of New York) over who was authorized to sue on behalf of their deceased daughter's estate and as her successor/heir. Eventually, after all three Defendants had spent considerable time and resources attempting to have the *Gonzalez* case

7

dismissed on the merits in Northern District of California, a California probate court awarded Letters of Administration to the mother, who then moved to join the California action as a plaintiff on behalf of the estate. Both parents then voluntarily dismissed their claims against Twitter and Facebook in the California action, with the stated intention of pursuing the claims against Twitter in the Southern District of New York and against Google in the Northern District of California.

To avoid any similar wasting of judicial and party resources in this case, Defendants asked Plaintiffs' counsel during the Rule 26(f) Conference to explain his good faith basis for bringing claims on behalf of the plaintiffs in this case, and specifically (1) to identify the legal basis on which he is representing the estates of Tevin Eugene Crosby, Juan Ramon Guerrero, Jr., and Javier Jorge-Reyes; (2) whether any victim had a will and, if so, who is the administrator identified in that will; and (3) for each decedent plaintiff, to identify any parent, step-parent, spouse, ex-spouse, child, step-child, or sibling who is not already a plaintiff in this suit. Defendants also asked Plaintiffs' counsel to answer the same questions for the estates of any additional decedents that he plans to add as new plaintiffs to this case. Plaintiffs' counsel agreed that these questions are reasonable in light of what transpired in *Gonzalez* and agreed to answer them. In light of Plaintiffs' pledge to "make best efforts to provide the information by March 31, 2017," Defendants do not request the Court's assistance on this issue at this time.

    **5.**    **Discovery Plan**

        **A.**    **Initial Disclosures**

            1.    Plaintiffs' Statement

As with other discovery matters, Plaintiffs believe that there is nothing in the Fed. R. Civ. Proc. which insulate Defendants from the rules simply because they believe they will win the

motion to dismiss. As such, Plaintiffs believe that this Court should order that Initial Disclosures take place as required.

2. Defendants' Statement

During the Rule 26(f) Conference, Defendants exercised their right to "object … that initial disclosures are not appropriate in this action," Fed. R. Civ. Proc. 26(a)(1)(C), on the ground that Section 230 grants Defendants immunity not only from liability but also from the burdens of litigation, including discovery. *See Jones v. Dirty World Entm't Recordings*, 755 F.3d 398, 417 (6th Cir. 2014) (Section 230 "'is an immunity from suit rather than a mere defense to liability[.]'"); *Fair Hous. Council v. Roommates.com*, 521 F.3d 1157, 1174-1175 (9th Cir. 2008) (en banc) (Section 230 protects parties "not merely from ultimate liability, but from having to fight costly and protracted legal battles"). Defendants raised the same objection in the similarly situated *Fields* and *Gonzalez* cases, and the courts in those cases permitted the parties to defer initial disclosures until after a ruling on the motion to dismiss. Defendants have set forth their bases for deferring initial disclosures in the separate Joint Letter Regarding Discovery that the parties are concurrently submitting. Defendants agree that Plaintiffs need not make initial disclosures unless and until Defendants also make initial disclosures

**B. Evidence Preservation**

1. Plaintiffs' Statement

Plaintiffs certify that they have reviewed the Court's Model Order Relating to the Discovery of Electronically Stored Information, and further certify that they have taken reasonable steps to preserve evidence relevant to the issues reasonably presented by the action. Plaintiffs will provide some general categories of information being sought, but because Defendants have taken the position that they do not need to provide information that would be

9

required under rule 26(f), it is difficult for Plaintiffs to specify the kinds of information which would be required. In addition, in Gonzalez, Defendants represented that they were well aware of the duty to preserve and that they were over-preserving. As such, Plaintiffs identification of materials sought is superfluous at this time.

Curiously, Defendants take the position that Section 230 frees them of the burdens of litigation. If that were true, then by that same reasoning, they have no duty to preserve evidence related to this litigation as there is no dispute that there is some burden associated with preservation. As such, Defendants should explain to the Court why the burden of evidence preservation applies, but other likely less burdensome steps such as a meaningful Rule 26(f) conference and initial disclosures should not apply. Furthermore, Plaintiff expresses concern that Defendants' belief that Section 230 protects them from the burdens of litigation may be influencing their preservation activities.

2. Defendants' Statement

Defendants certify that they have reviewed the Court's Model Order Relating to the Discovery of Electronically Stored Information, and further certify that they have taken reasonable steps to preserve evidence relevant to the issues reasonably presented by this action. During the parties' Rule 26(f) Conference on February 10, 2017, each Defendant assured Plaintiffs that it had taken such reasonable steps to preserve all potentially relevant evidence. In response to Plaintiffs' counsel's "concerns" about evidence preservation, in the course of defending the *Gonzalez* action, Defendants invited him to identify categories of evidence that he believed should be preserved. Defendants renewed that offer during the parties' Rule 26(f) Conference on February 10, 2017, but Plaintiffs' counsel has not yet identified any such categories. Finally, Plaintiffs' protestations notwithstanding, Defendants' willingness to

10

preserve information (and thereby prevent information from being irreversibly lost) has no bearing on whether Section 230 immunity requires deferring discovery until the Court can determine whether Plaintiffs' case can proceed at all.

### C. Rule 26(f) Discovery Issues

#### 1. Plaintiffs' Statement

Defendants' position is the same as for every Defendant forced to defend a case. If Defendants' position were as sound as they claim, the Fed. R. Civ. P. would reflect this position. Currently, they do not and Defendants should be forced to engage in a complete Rule 26(f) planning conference. Nowhere in the statute is there a statement that Defendants are not subject to the burdens of litigation. Alleged blanket immunity arises in many different contexts and there is nothing special about the protections of Section 230 that distinguish it from other defenses. As such, this Court should require that the parties engage in a full and complete Rule 26(f) conference.

#### 2. Defendants' Statement

Defendants' position is that all activity in this suit, other than that necessary to resolve Defendants' motion to dismiss, should be stayed pending disposition of Defendants' planned motion to dismiss raising its Section 230 immunity defense, because Section 230 affords broad immunity not only from liability, but also from the burdens of litigation. *See Dirty World Entm't Recordings*, 755 F.3d at 417; *Roommates.com*, 521 F.3d at 1174-1175. For that reason, Defendants believe that it would be premature, at this stage, to discuss the discovery-related issues listed in Fed. R. Civ. Proc. 26(f). Defendants propose that in the event the Court denies Defendants' motion to dismiss, the parties confer at that time and propose a discovery plan or plans. This is the approach that the courts adopted in the similarly situated *Fields* and *Gonzalez* cases. Again, Defendants have set forth their bases for staying discovery in the separate and

11

concurrently filed Joint Letter Regarding Discovery.

6. **Insurance**

### A. Twitter's Statement

It is uncertain whether Twitter has an insurance policy that will be available to satisfy any part of any monetary judgment in this case.

### B. Google's Statement

Google may have insurance that would cover the claims in this case but is continuing to investigate the scope of coverage.

### C. Facebook's Statement

Defendant Facebook is self-insured with respect to any monetary judgment in this action.

Dated:  February 22, 2017                                    Respectfully submitted,

  s/ with the consent of Keith Altman                     s/*Seth P. Waxman*
KEITH ALTMAN (CA SBN 257309)              SETH P. WAXMAN
kaltman@lawampmmt.com                            seth.waxman@wilmerhale.com
SOLOMON RADNER (*pro hac vice*)        PATRICK J. CAROME
sradner@1800lawfirm.com                            patrick.carome@wilmerhale.com
26700 Lahser Road, Suite 401                       WILMER CUTLER PICKERING
Southfield, MI 48033                                         HALE AND DORR LLP
(516) 456-5885                                                  1875 Pennsylvania Avenue, NW
                                                                         Washington, D.C. 20006
ARI KRESCH (*pro hace vice*)                    (202) 663-6800
akresch@1800lawfirm.com
26700 Lahser Road, Suite 400                       LEONARD M. NIEHOFF (P36695)
Southfield, MI 48033                                       lniehoff@honigman.com
(248) 291-9712                                                 HONIGMAN, MILLER, SCHWARZ &
                                                                         COHN, LLP
*Attorneys for Plaintiffs*                             130 South First Street, 4th Floor
                                                                      Ann Arbor, MI 48104
  s/ with the consent of Brian M. Willen          (734) 418-4246
BRIAN M. WILLEN
bwillen@wsgr.com                                         *Attorneys for Defendant*
WILSON SONSINI                                        **TWITTER, INC.**
  GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas
New York, NY 10019
(212) 999-5800

*Attorneys for Defendant*
**GOOGLE INC.**

                    <u>s/ with the consent of Kristin A. Linsley</u>
                    KRISTIN A. LINSLEY (CA 154148)
                    klinsley@gibsondunn.com
                    Jeana Bisnar Maute (CA 290573)
                    jbisnarmaute@gibsondunn.com
                    Sheli R. Chabon (CA 306739)
                    schabon@gibsondunn.com
                    GIBSON, DUNN & CRUTCHER LLP
                    555 Mission Street, Suite 3000
                    San Francisco, CA 94105-0921
                    (415) 393-8200

                    THOMAS W. CRANMER (P25252)
                    cranmer@millercanfield.com
                    DAVID D. O'BRIEN (P65532)
                    obrien@millercanfield.con
                    MILLER, CANFIELD, PADDOCK STONE,
                      P.L.C.
                    840 West Long Lake Road, Suite 200
                    Troy, MI 48098
                    (248) 267-3381

                    *Attorneys for Defendant*
                    **FACEBOOK, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2017, I caused the foregoing Joint Case Management and Rule 26(f) Statement to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        By: *s/Seth P. Waxman*
        **Seth P. Waxman**
        WILMER CUTLER PICKERING HALE AND DORR LLP
        1875 Pennsylvania Avenue, NW
        Washington, D.C. 20006
        (202) 663-6800
        seth.waxman@wilmerhale.com

Dated: February 16, 2017