UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL CROSBY, individually and as
successor-in-interest of the ESTATE OF
TEVIN EUGENE CROSBY, LISA CROSBY,
SHENETRA PARKER-HARRIS, CHAVIS
CROSBY, CELIA RUIZ, individually and as
successor-in-interest of the ESTATE OF
JUAN RAMON GUERRERO, JR., JUAN
RAMON GUERRERO, MAYA GUERRERO,
ARYAM GUERRERO, OSVALDO VAZQUEZ,
YAZMIN REYES, individually and as
successor-in-interest of the ESTATE OF
JAVIER JORGE-REYES, PEDRO JORGE DIAZ,
IRIS REYES SANTIAGO, PEDRO JORGE
REYES, GABRIEL JORGE REYES, and
LIZ M. JORGE-REYES,

Case Number 16-14406
Honorable David M. Lawson

        Plaintiffs,
v.

TWITTER, INC., GOOGLE, INC., and
FACEBOOK, INC.,

        Defendants.
_____/

**ORDER ADJOURNING CASE MANAGEMENT CONFERENCE,
ESTABLISHING FILING DATES, AND ORDERING PARTIES
TO SHOW CAUSE CONCERNING VENUE**

This case presently is scheduled for a case management conference for Wednesday, March 1, 2017. Through their complaint, the plaintiffs seek to hold various social media companies liable for the deaths of their decedents who were killed in the Pulse Night Club shootings in Orlando, Florida. In preparation for the conference, the Court directed the parties to prepare short statements that briefly describe the nature of the action and outline a proposal for discovery and case management benchmarks. In the alternative, the parties could meet, confer, and complete an agreed discovery plan proposal as contemplated by Federal Rule of Civil Procedure 26(f). The parties'

submissions (a "report" apparently drafted after an attempted Rule 26(f) conference, and a lengthy letter to the Court) disclose disagreements over a variety of procedural issues. Moreover, it is not readily apparent that venue is appropriate in this Court. Therefore, the Court deems it prudent to address the disputes identified by the parties before meeting for an in-person conference under Rule 16(c).

The lawsuit was filed on December 19, 2016. Counsel for the three defendants filed appearances by January 31, 2017. To date, none of the defendants have responded to the complaint, although it appears that they all contemplate filing motions to dismiss under Rule 12(b)(6). However, they have taken the position that the plaintiffs should be required to file an amended complaint, if the plaintiffs intend to do so, before the defendants must file their dismissal motions. The plaintiffs insist that they are entitled to see the motions before they are forced to decide whether to amend their complaint.

Although the defendants sensibly search for a way to avoid a complaint amendment mooting their contemplated motions to dismiss, the rules of procedure do not favor their proposed solution. Rule 15 allows the plaintiffs to amend their complaint without leave of court "21 days *after* service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). The defendants point out that counsel for these plaintiffs have confronted similar motions in similar cases they have filed against some of these same social media companies in other districts, and therefore they should be able to anticipate the arguments and plead around them, if they can. But that does not support an order that upsets the sequence contemplated by Rule 15, and it invites protracting the litigation, when inevitably an argument submitted will be characterized as "new" or "unanticipated," thereby justifying another subsequent amendment.

The better practice here will be to follow the general order of filings that the rules of procedure contemplate. The defendants' assertion raises another question, however: if the defendants' arguments in their contemplated dismissal motion are so easily anticipated, why do they need nearly two months to respond to the complaint?

The defendants also insist that discovery should be suspended, because their motions will rely on the immunity conferred by 47 U.S.C. § 230, a part of the Communications Decency Act (CDA), which "insulates interactive computer services from certain types of lawsuits." *O'Kroley v. Fastcase, Inc.*, 831 F.3d 352, 354 (6th Cir. 2016). It is said that the immunity conferred is not merely protection from adverse judgments, but immunity from having to bear the expenses of litigation, and therefore "determinations of immunity under the CDA should be resolved at an earlier stage of litigation." *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 417 (6th Cir. 2014). The plaintiffs argue that only two of the defendants will assert immunity under section 230, so discovery against the third — Google — should be allowed to proceed.

The Court does not see any efficiency in splintering the schedule and permitting piecemeal discovery. Instead, the application of section 230 should be resolved first — and promptly — before other case management benchmarks are established.

Finally, the connection of this case to this district is not readily apparent to the Court. The only mention in the complaint is the allegation that one of the decedents — Tevin Eugene Crosby — was "formerly [a] domiciliary of Michigan." Compl. ¶ 9. Mr. Crosby's father, however, who "brings this lawsuit on behalf of himself and as a successor-in-interest of [his son's] estate," *ibid.*, is a citizen of North Carolina. As a general rule, it is the citizenship of the personal representative,

not the deceased, that is the relevant geographical consideration. *See Deposit Guar. Bank & Trust Co. v. Burton*, 380 F.2d 346, 348 (6th Cir. 1967).

The venue statute provides options for the place of filing a case, in descending order of preference:

    (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or
    (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A corporate defendant is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

According to the complaint, each of the defendants is incorporated in Delaware and has its principal place of business in California. Although those facts are not dispositive of the question of "residency," they may be pertinent to issues touching on general personal jurisdiction, *see Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (holding that general jurisdiction usually requires a showing that the defendant is "essentially at home in the forum state"), and therefore whether any of the defendants would be "subject to the court's personal jurisdiction *with respect to the civil action in question*." If not, and there is another district in which the defendants may be sued that has some connection to the events described in the complaint, perhaps this lawsuit ought to be transferred there. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 578 (observing that "[t]he first two paragraphs of § 1391(b) define the *preferred* judicial districts for venue in a typical case") (emphasis added); *Daniel v. Am. Bd. of Emergency Med.*, 428

F.3d 408, 434 (2d Cir. 2005) (holding that the "fallback" provisions of section 1391(b)(3) may be used "only if venue cannot be established in another district pursuant to any other venue provision").

The venue provision that seems most applicable is found in section 1391(b)(2). The complaint alleges that the "substantial part of the events or omissions giving rise to the claim occurred" in the Middle District of Florida. The parties, however, should have a say on this issue.

In order to address the outstanding procedural issues, the Court finds that the case management conference should be adjourned, and the parties will be directed to brief the issues discussed above as follows.

Accordingly, it is **ORDERED** that the case management conference scheduled for March 1, 2017 is **ADJOURNED** to a date to be set by the Court.

It is further **ORDERED** that the defendants must respond to the complaint by answer or appropriate motion **on or before March 10, 2017**. Such motions, if any, must also address the questions of personal jurisdiction and venue. If the plaintiffs choose to amend their complaint following the defendants' responses, then they must do so **on or before March 31, 2017**.

It is further **ORDERED** that discovery is **SUSPENDED** until further order of the Court.

It is further **ORDERED** that the plaintiffs must **SHOW CAUSE** in writing **on or before March 10, 2017** why this action should not be transferred to an appropriate venue.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  March 1, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 1, 2017.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI